**Affirmed and Memorandum Opinion filed October 20, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-10-00390-CR

**DANIEL LIMBRICK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1215140**

## M E M O R A N D U M    O P I N I O N

Daniel Limbrick appeals his conviction for the first degree felony offense of burglary. *See* Tex. Penal Code Ann. § 30.02(a), (d) (Vernon 2011). He contends that the trial court violated his Sixth Amendment right to representation by not permitting his family an opportunity to retain counsel. We affirm.

### Background

After a three-day trial, a jury convicted appellant of burglary on February 5, 2010. Appellant asked the trial court to continue the punishment phase of the trial until a

presence investigation report could be prepared, and the trial court granted appellant's request. The trial court granted appellant's motions for psychiatric examinations regarding appellant's competency and sanity.

Appellant was evaluated on March 5, 2010 by licensed psychologist, Ramon A. Laval, Ph.D. In his sanity evaluation, Dr. Laval concluded that appellant was legally sane and "was not suffering from symptoms of a mental disease or a mental defect of the type or degree which would have rendered him unable to know the difference between right or wrong on or about the time of the alleged offense." In his competency evaluation, Dr. Laval concluded that appellant was competent to stand trial. Under the heading "Diagnosis," Dr. Laval stated in both evaluations that the "results of the evaluation are consistent with a diagnostic impression of Cannabis Abuse and PCP Abuse. There is no present indication that he suffers from a psychiatric condition which would require psychotropic medication."

The punishment phase of the trial was held on April 30, 2010. After considering the evidence, the presentence investigation report, appellant's numerous prior convictions for various offenses, and the fact that appellant has a cannabis abuse problem but has no "mental illness in the recent history," the trial court sentenced appellant to 60 years confinement. Appellant filed a timely appeal.

**Analysis**

On appeal, appellant argues that the trial court violated his Sixth Amendment right to representation by not permitting his family an opportunity to retain counsel for appellant during the guilt-innocence phase of his trial.

"The Federal and Texas Constitutions, as well as Texas statute, guarantee a defendant in a criminal proceeding the right to have assistance of counsel." *Gonzalez v. State*, 117 S.W.3d 831, 836 (Tex. Crim. App. 2003). The right to assistance of counsel also contemplates the defendant's right to obtain assistance from counsel of the defendant's choosing. *Id*. at 836-37. However, the defendant's right to counsel of choice

is not absolute. *Id.* at 837. While there is a strong presumption in favor of a defendant's right to retain counsel of choice, this presumption may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice. *Id.* However, when a trial court unreasonably or arbitrarily interferes with the defendant's right to choose counsel, its actions rise to the level of a constitutional violation. *Id.*

Appellant contends that the trial court violated his right to counsel by refusing to allow his family to "retain counsel of his own choosing." He argues that "there had clearly been some concern about [his] mental state, as evidenced by the request for competency and sanity evaluations submitted to the court following trial." Appellant asserts that "[g]iven the questions concerning [his] mental capacity, it does not seem unreasonable for the trial court to have allowed [his] family additional time to provide Appellant with the retained counsel of his choosing in order to permit him effective representation to which he is entitled." In support of his argument, appellant points to the following colloquy:

> The record will reflect we are in trial. Today's date is February 4th, 2005. It's been brought to my attention that the defendant's family, some family members are in court today and they wish to hire another lawyer to represent Mr. Limbrick. Who is here? What is your name, ma'am?
>
> MS. JACK: Melinda Jack.
>
> THE COURT: Stand up, please. I'll hear you better. Melinda Jackson?
>
> MS. JACK: Jack, J-A-C-K.
>
> THE COURT: Jack. Okay. And what did you want to do?
>
> MS. JACK: Hire an attorney.
>
> THE COURT: Okay. You can hire an attorney all you want. You can have them sit next to Mr. Greenlee. He's the lawyer in this case, and this case has been in this court since May of 2009, six months ago. So y'all could have hired a lawyer before now if you wanted to. If you didn't want to or you couldn't, that's not an issue today. That is why you have a court-appointed lawyer because you couldn't hire one, and now if you want to hire one, you can hire one and have the lawyer help Mr. Greenlee today in court. Otherwise, that's it. Yes.

3

MS. JACK: Okay. It's not that we couldn't hire a lawyer, we didn't know anything until yesterday and we have all have blocked our telephones.

THE COURT: Y'all have what?

MS. JACK: Blocks on our telephones. So it's not that we couldn't hire a lawyer.

THE COURT: Okay. Well, that's just — I hear you and I understand your concern, but he could write, he could write people, he could have done all kind of things, but . . .

MS. JACK: He's mental.

THE COURT: That concludes this conversation. Thank you, ma'am. I heard you, you may have a seat. You may have a seat. Both sides ready?

MS. BYRNE: State's ready.

MR. GREENLEE: Defense is ready, Your Honor.

We reject appellant's argument for three reasons.

First, the record establishes that appellant himself never made a request or otherwise expressed a desire to retain new counsel. Therefore, the trial court did not deny appellant's request or violate appellant's right to retain counsel of his own choosing.

Second, when Melinda Jack told the trial court that she wanted to "hire an attorney," the trial court responded, "You can hire an attorney all you want. You can have him sit next to Mr. Greenlee. He's the lawyer in this case . . . and now if you want to hire one, you can hire one and have the lawyer help Mr. Greenlee today in court." At no time did the trial court tell Jack that she could not retain an attorney for appellant. Additionally, because neither Jack nor anyone else ever requested "additional time" to hire new counsel, the trial court acted reasonably in not granting a continuance. *See* Tex. R. App. P. 33.1.

Third, there was no evidence presented to the trial court substantiating a claim that appellant had "mental difficulties." In fact, appellant's competency and sanity evaluations show that appellant was legally sane, competent to stand trial, and did not suffer from a psychiatric condition. The insanity and competency evaluations both stated that "[t]he results of this evaluation are consistent with a diagnostic impression of

4

Cannabis Abuse and PCP Abuse." Further, appellant demonstrated an ability to participate during trial; he testified extensively in his own defense during trial.

We conclude that the trial court did not violate appellant's Sixth Amendment right to representation. Accordingly, we overrule appellant's sole issue on appeal.

**Conclusion**

We affirm the trial court's judgment.

/s/ William J. Boyce
    Justice

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).